UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAHALA FRANCHISE CORPORATION ) <br> A Delaware corporation, ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NABIL MAKHAMREH, Individually, ) <br> MATTHEW CHEESESTEAK, Inc., ) <br> an Illinois Corporation, and M & S ) <br> CHEESESTEAK, INC. , a Virginia ) <br> corporation. ) <br>     Defendants. ) | Case No. 08 CV 4750 <br><br> Judge: Dow, Jr. <br><br> Magistrate:  Judge Brown |

## **PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW**

THIS MATTER having come before this Court on Plaintiff's Motion for the issuance of a Temporary Restraining Order, notice having been given to Defendants and all parties having been given an opportunity to be heard.  The Court after hearing arguments and reviewing the pleadings has decided to issue the Temporary Restraining Order based on the following findings of facts and conclusions of law:

### **Findings of Fact**

1.  KAHALA FRANCHISE CORP. ("KAHALA"), is a Delaware corporation with its principal place of business in Scottsdale, Arizona.  KAHALA does business in Illinois as a Franchisor of the Great Steak and Potato franchised restaurants.

2.  Defendants Nabil Makhamreh is an individual and a citizen of the State of Illinois, and franchisee of KAHALA, who owns and operates two (2) Great Steak and Potato restaurants, one in Illinois and one in Virginia through Franchise Agreements executed by Franchisee Defendants M & S Cheesesteak, Inc., a Virginia corporation and

Matthew Cheesesteak, an Illinois corporation.

3. That KAHALA is the registered owner of the trade name and service mark "The Great Steak and Potato Company" and "The Great Steak and Potato" issued by the United States Patent and Trademark Office, and the "KAHALA" marks have achieved a secondary meaning and have become incontestable by the filing of §8 and §15 affidavits.

4. That KAHALA grants licenses to operate Great Steak and Potato franchised restaurants independently owned and operated franchisees to use the KAHALA "Great Steak and Potato" name and service marks as outlined in Franchise Agreements.

5. That there are 224 authorized KAHALA Great Steak and Potato locations nationwide including twenty-nine (29) in Illinois serving Philadelphia style cheesesteak sandwiches and other sandwiches, fresh-cut French fries and fresh squeezed lemonade.

6. That Defendants currently operate two (2) Great Steak and Potato restaurants. They opened the first one in 2004. Recently, in July 2008, Defendants opened and are operating a substantially similar restaurant franchised by a competing franchisor, Charley's Grilled Subs, which serves the same food and services to the same type of customers.

7. That the Franchise Agreements at ¶15 and ¶14.5 contain Non-Compete provisions which prohibits Defendants from conducting a similar or a substantially similar business during the term of the Franchise Agreements. The Agreements have not terminated.

## **CONCLUSIONS OF LAW**

1. The Court finds that there is a strong likelihood of success by KAHALA on the merits of its Complaint because of Defendants' breach of the In-Term Non-Compete

Provision in the Franchise Agreements is enforceable because it protects legitimate business interests of KAHALA.

2. The Court finds that there is a threat of irreparable harm being suffered by KAHALA if a Temporary Restraining Order were not issued.

3. Defendants are benefiting from their past and continued association with KAHALA. Having opened and currently operating two (2) Great Steak and Potato restaurants, Defendants will use that confidential way of doing business to operate the competing restaurant. Defendants are breaching the Non-Compete provisions, which protect KAHALA's business interests of:

> *a. Preventing Defendants from duplicating the business system and using trade secrets and confidential information to operate a substantially similar printing business;*
>
> *b. Preventing confidential information supplied to franchisees from being used by competitors of KAHALA;*
>
> *c. Enforcing the In-Term Non-Compete protects the integrity of the KAHALA franchise system. Nine hundred (900) Franchise Agreements are in jeopardy of being lost by KAHALA if franchisees were to believe the Contract was not enforceable they would learn all of what the company has to offer and go out on their own. A system could collapse because Defendants have breached their Contract.*
>
> *d. It is clear, that Defendants intend to compete against KAHALA because they have opened a similar printing business serving the same or similar clientele;*
>
> *e. The Franchise Agreement prohibits just the specific conduct, i.e., establishing any type of business substantially similar to that of a KAHALA Press system establishment.*
>
> *f. Defendants acknowledge that KAHALA possessed certain confidential information regarding ways of doing business which gave franchisees a competitive advantage. Defendants agreed not to compete during the term of the Agreement in return for use of that information and the valuable property interests*

*of the KAHALA trademark.*

4. The Court finds that the balance of harms factor for the issuance of injunctive relief favors the Plaintiff. The breach of the Non-Compete Provision by Defendants is an intentional wrongful act, and any harm suffered by him should be given little weight. <u>Helene Curtis Industries v. Church and Dwight</u>, 560 F.2d 1325, 1333-4 (7th Cir. 1977). The harm to Defendants is limited only to their inability to operate an unauthorized substantially similar competing business. They should never have bought a competing franchise in the first place. They can still operate as KAHALA Great Steak and Potato restaurants at the locations, approved by KAHALA and Defendants, pursuant to the terms of the two existing Franchise Agreements. KAHALA is not seeking the termination of Defendant's franchises.

5. The Court finds that the public interest favors the issuance of the Temporary Restraining Order because the public interest is served by enforcing contracts generally and specifically Franchise Agreements.

6. The Court finds that KAHALA has no adequate remedy at law.

7. The Court finds that Defendants must immediately cease operating the competing restaurant. The Charley's Grilled Subs restaurants in Yorktown Mall, Lombard, Illinois should cease operations, permanently, or until, Defendants transfer any ownership

interests to an unrelated third party so that no Defendants derive any financial or beneficial interests, either directly or indirectly, from the revenues or profits of the competing restaurant.

Dated: August 18, 2008.

                Enter:

                _____
                U.S. District Judge

Gregory J. Ellis, Esq.
GREGORY J. ELLIS, Esq., Ltd.
1 Executive Ct #1
South Barrington, IL  60010
 (847) 842-0999
Attorney # 03127073
8/18/08

5