UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAHALA FRANCHISE CORPORATION ) <br> A Delaware corporation, ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NABIL MAKHAMREH, Individually, ) <br> MATTHEW CHEESESTEAK, Inc., ) <br> an Illinois Corporation, and M & S ) <br> CHEESESTEAK, INC. , a Virginia ) <br> corporation. ) <br>     Defendants. ) | Case No.  08 CV 4750 <br><br> Judge:  DOW, JR. <br><br> Magistrate:  JUDGE BROWN |

**MOTION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

NOW COMES Plaintiff, KAHALA Franchise Corporation ("KAHALA"), by and through its attorney, Gregory J. Ellis, Esq., Ltd., and respectfully moves this Court for entry of a Temporary Restraining Order and Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure and states as follows:

1. Plaintiff requests that this Court issue a Temporary Restraining Order and Preliminary Injunction Order:

    A. Enjoining Defendants from conducting a substantially similar restaurant business during the term of the existing Franchise Agreements pursuant to the Non-Compete provisions at ¶15 and ¶14.5 of the Franchise Agreements attached to the Complaint as Exhibits "A" and "B".

2. The grounds for this Motion are set forth in the Verified Complaint and the Memorandum of Law In Support of the Motion for a Temporary Restraining Order and incorporated by reference herein.

3. As stated in the Verified Complaint, KAHALA believes that the Defendants, KAHALA Great Steak and Potato (hereinafter "GSP") franchisees, have breached and

caused to be breached their Covenant Not-To-Compete with KAHALA by operating a substantially similar restaurant of a competitor, during the term of their Franchise Agreements with KAHALA.

4. For the reasons set forth in the Verified Complaint, unless said Defendants are enjoined from engaging in such activity, KAHALA will suffer irreparable harm because Defendants are breaching the In-Term Non-Compete Agreement which protects KAHALA's business interests of:

   A. Preventing Defendants from duplicating the business system and using trade secrets and confidential information to operate a substantially similar business for a competitor;

   B. Preventing confidential information supplied to franchisees from being used by competitors of KAHALA;

   C. Enforcing the In-Term Non-Compete protects the integrity of the KAHALA franchise system. Two hundred twenty four (224) Franchise Agreements for GSP are in jeopardy of being lost by KAHALA. If franchisees were to believe the Contract was not enforceable they would learn all of what the company has to offer and go out on their own. The system could collapse because Defendants have breached their Contract.

   D. It is clear, that Defendants intend to compete against KAHALA because they have opened a substantially similar restaurant of a competitor of a food franchise company serving the same or similar food including items specifically restricted in the non-compete: Philadelphia style cheesesteak sandwiches, hand cut French fries, and fresh squeezed lemonade to the same casual clientele; and

   E. The Franchise Agreement prohibits just the specific conduct, i.e., establishing any type of business substantially similar to that of a KAHALA GSP system establishment.

5. KAHALA has no adequate remedy at law and will suffer a continuing ongoing injury without the relief requested.

6. KAHALA is likely to succeed on the merits after trial in view of the execution

by the Defendants of the Franchise Agreements and the Covenants Not-To-Compete contained therein.

    7.    Plaintiff submits the accompanying Memorandum of Law in further support of this Motion.

WHEREFORE, KAHALA respectfully prays that this Court issue a Temporary Restraining Order, and following a hearing, issue a Preliminary Injunction:

    A.    Ordering Defendants to cease operating the competing "Charley's" restaurant located at: 10 FC Yorktown Mall, Lombard, Illinois;

    B.    Enjoin Defendants from conducting a substantially similar restaurant at the premises known as: 10 FC Yorktown Mall, Lombard, Illinois, or at any other location during the term of the Franchise Agreements pursuant to the Non-Compete provisions, ¶15 and ¶14.5 of the Franchise Agreements.

    C.    In lieu of closing the business, Order the Defendants' competing restaurant to be transferred to a bona fide third party purchaser so that Defendant franchisees, their owner, Nabil Makhamreh, his family, any relatives, or any one connected with Defendants would not be associated with the competing business;

    D.    Ordering Defendants to render an accounting to KAHALA of the gross receipts of its sales derived from the operation of the Charley's restaurant located at: 10 FC Yorktown Mall, Lombard, Illinois from store opening, to date; and

    E.    Alternatively closing the competing restaurant the court should order Defendants to divest and disassociate themselves from the corporate business pursuant to the Franchise Agreements not be directly or indirectly connected with the competing business through officers, directors, shareholders, spouses, relatives or any business relationship to perform any service for, be an employee; owner, or to have any financial or beneficial interest based upon the revenues or profits of the competing business at the Yorktown Mall, Lombard, Illinois.

    F.     An award from Defendants of the damages arising from Defendants' breach of the Franchise Agreement, attorney's fees, expenses, and costs KAHALA incurred in this action.

    G.     Such other further and different relief as the Court deems just and appropriate.

Date: August 20, 2008                 Respectfully submitted,

                                                     KAHALA FRANCHISE CORP.

                                                     *ss//*   *Gregory J. Ellis*

Gregory J. Ellis, Esq.
GREGORY J. ELLIS, ESQ., LTD.
1 Executive Ct #1
South Barrington, IL 60010
847/842-0999
Attorney No. 03127073
8/20/08

4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAHALA FRANCHISE CORPORATION )<br>A Delaware corporation, )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br>NABIL MAKHAMREH, Individually, )<br>MATTHEW CHEESESTEAK, Inc., )<br>an Illinois Corporation, and M & S )<br>CHEESESTEAK, INC. , a Virginia )<br>corporation. )<br>    Defendants. ) | Case No.  08 CV 4750<br><br>Judge: DOW, JR.<br><br>Magistrate:   Judge Brown |

## TEMPORARY RESTRAINING ORDER

THIS CAUSE coming on to be heard pursuant to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, all parties having been notified and given an opportunity to be heard, and the Court having been fully advised on the premises:

This Court having reviewed Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, and the Complaint filed herein in the above cause;

IT IS HEREBY ADJUDGED, ORDERED AND DECREED BY DEFAULT AS FOLLOWS:

    1.    Defendants, Nabil Makhamreh, Matthew Cheesesteak, Inc., M & S Cheesesteak, Inc., and any of their agents, servants or employees, are hereby enjoined from operating or having any direct or indirect financial interest in the substantially similar competing business known as Charley's Grilled Subs in Lombard, Illinois or elsewhere during the terms of the Franchise Agreements between KAHALA and Defendants.  The competing restaurant should be immediately closed until Defendants can transfer the restaurant to a bona fide completely unrelated party.

2. This Court maintains jurisdiction for purposes of enforcement of this Temporary Injunction to enforce the Non- Compete provisions of the Franchise Agreements.

3. Defendants, and any of their agents, servants or employees, are hereby enjoined from competing with KAHALA in violation of the Franchise Agreements.

4. Defendants and their agents, servants, and employees are enjoined from conducting business on the premises in Yorktown Mall, Lombard, Illinois as a Charley's restaurant or in any manner.

5. This Temporary Restraining Order enjoining Defendants from the above described actions shall run for a period of ten (10) days beginning at _____ A.M., August 2008, through August _____, 2008. Hearing for extension of Temporary Restraining Order is scheduled for _____, 2007 at ___ A.M. in Room _____.

DATED:  August  20, 2008

                              ENTER:

                              U.S. District Judge

Gregory J. Ellis, Esq.
GREGORY J. ELLIS , ESQ.,  LTD.
1 Executive Ct – Suite 1
South Barrington, IL  60010
Attorney # 03127073
8/20/08

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAHALA FRANCHISE CORPORATION ) <br> A Delaware corporation, ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NABIL MAKHAMREH, Individually, ) <br> MATTHEW CHEESESTEAK, Inc., ) <br> an Illinois Corporation, and M & S ) <br> CHEESESTEAK, INC. , a Virginia ) <br> corporation. ) <br>     Defendants. ) | Case No. 08 CV 4750 <br><br> Judge: Dow, Jr. <br><br> Magistrate: Judge Brown |

**PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW**

THIS MATTER having come before this Court on Plaintiff's Motion for the issuance of a Temporary Restraining Order, notice having been given to Defendants and all parties having been given an opportunity to be heard. The Court after hearing arguments and reviewing the pleadings has decided to issue the Temporary Restraining Order based on the following findings of facts and conclusions of law:

**Findings of Fact**

1. KAHALA FRANCHISE CORP. ("KAHALA"), is a Delaware corporation with its principal place of business in Scottsdale, Arizona. KAHALA does business in Illinois as a Franchisor of the Great Steak and Potato franchised restaurants.

2. Defendants Nabil Makhamreh is an individual and a citizen of the State of Illinois, and franchisee of KAHALA, who owns and operates two (2) Great Steak and Potato restaurants, one in Illinois and one in Virginia through Franchise Agreements executed by Franchisee Defendants M & S Cheesesteak, Inc., a Virginia corporation and

Matthew Cheesesteak, an Illinois corporation.

3.   That KAHALA is the registered owner of the trade name and service mark "The Great Steak and Potato Company" and "The Great Steak and Potato" issued by the United States Patent and Trademark Office, and the "KAHALA" marks have achieved a secondary meaning and have become incontestable by the filing of §8 and §15 affidavits.

4.   That KAHALA grants licenses to operate Great Steak and Potato franchised restaurants independently owned and operated franchisees to use the KAHALA "Great Steak and Potato" name and service marks as outlined in Franchise Agreements.

5.   That there are 224 authorized KAHALA Great Steak and Potato locations nationwide including twenty-nine (29) in Illinois serving Philadelphia style cheesesteak sandwiches and other sandwiches, fresh-cut French fries and fresh squeezed lemonade.

6.   That Defendants currently operate two (2) Great Steak and Potato restaurants.  They opened the first one in 2004. Recently, in July 2008, Defendants opened and are operating a substantially similar restaurant franchised by a competing franchisor, Charley's Grilled Subs, which serves the same food and services to the same type of customers.

7.   That the Franchise Agreements at ¶15 and ¶14.5 contain Non-Compete provisions which prohibits Defendants from conducting a similar or a substantially similar business during the term of the Franchise Agreements.  The Agreements have not terminated.

## CONCLUSIONS OF LAW

1.   The Court finds that there is a strong likelihood of success by KAHALA on the merits of its Complaint because of Defendants' breach of the In-Term Non-Compete

2

Provision in the Franchise Agreements is enforceable because it protects legitimate business interests of KAHALA.

2. The Court finds that there is a threat of irreparable harm being suffered by KAHALA if a Temporary Restraining Order were not issued.

3. Defendants are benefiting from their past and continued association with KAHALA. Having opened and currently operating two (2) Great Steak and Potato restaurants, Defendants will use that confidential way of doing business to operate the competing restaurant. Defendants are breaching the Non-Compete provisions, which protect KAHALA's business interests of:

> *a. Preventing Defendants from duplicating the business system and using trade secrets and confidential information to operate a substantially similar printing business;*
>
> *b. Preventing confidential information supplied to franchisees from being used by competitors of KAHALA;*
>
> *c. Enforcing the In-Term Non-Compete protects the integrity of the KAHALA franchise system. Nine hundred (900) Franchise Agreements are in jeopardy of being lost by KAHALA if franchisees were to believe the Contract was not enforceable they would learn all of what the company has to offer and go out on their own. A system could collapse because Defendants have breached their Contract.*
>
> *d. It is clear, that Defendants intend to compete against KAHALA because they have opened a similar printing business serving the same or similar clientele;*
>
> *e. The Franchise Agreement prohibits just the specific conduct, i.e., establishing any type of business substantially similar to that of a KAHALA Press system establishment.*
>
> *f. Defendants acknowledge that KAHALA possessed certain confidential information regarding ways of doing business which gave franchisees a competitive advantage. Defendants agreed not to compete during the term of the Agreement in return for use of that information and the valuable property interests*

*of the KAHALA trademark.*

4. The Court finds that the balance of harms factor for the issuance of injunctive relief favors the Plaintiff. The breach of the Non-Compete Provision by Defendants is an intentional wrongful act, and any harm suffered by him should be given little weight. <u>Helene Curtis Industries v. Church and Dwight</u>, 560 F.2d 1325, 1333-4 (7th Cir. 1977). The harm to Defendants is limited only to their inability to operate an unauthorized substantially similar competing business. They should never have bought a competing franchise in the first place. They can still operate as KAHALA Great Steak and Potato restaurants at the locations, approved by KAHALA and Defendants, pursuant to the terms of the two existing Franchise Agreements. KAHALA is not seeking the termination of Defendant's franchises.

5. The Court finds that the public interest favors the issuance of the Temporary Restraining Order because the public interest is served by enforcing contracts generally and specifically Franchise Agreements.

6. The Court finds that KAHALA has no adequate remedy at law.

7. The Court finds that Defendants must immediately cease operating the competing restaurant. The Charley's Grilled Subs restaurants in Yorktown Mall, Lombard, Illinois should cease operations, permanently, or until, Defendants transfer any ownership

interests to an unrelated third party so that no Defendants derive any financial or beneficial interests, either directly or indirectly, from the revenues or profits of the competing restaurant.

Dated:  August 18, 2008.

                                        Enter:

                                        U.S. District Judge

Gregory J. Ellis, Esq.
GREGORY J. ELLIS, Esq., Ltd.
1 Executive Ct #1
South Barrington, IL  60010
 (847) 842-0999
Attorney # 03127073
8/18/08