UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAHALA FRANCHISE CORPORATION<br>A Delaware corporation,<br>    Plaintiff,<br><br>vs.<br><br>NABIL MAKHAMREH, Individually,<br>MATTHEW CHEESESTEAK, Inc.,<br>an Illinois Corporation, and M & S<br>CHEESESTEAK, INC., a Virginia<br>corporation.<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No.  08 CV 4750<br>)<br>) Judge: ROBERT M. DOW, JR.<br>)<br>) Magistrate: JUDGE BROWN<br>)<br>)<br>)<br>) |

SETTLEMENT AGREEMENT

This Settlement Agreement and attached Permanent Injunction is entered into by and between KAHALA FRANCHISE CORPORATION, a Delaware corporation, located at in Scottsdale, Arizona ("KAHALA") and Nabil Makhamreh, individually; M & S Cheesesteak, Inc., a Virginia corporation, and Matthew Cheesesteak, Inc., an Illinois corporation, Faten Makhamreh, individually, and F & S Cheesesteak, Inc. (collectively referred to herein as " MAKHAMREH"), with reference to the following Recitals:

RECITALS

WHEREAS, on or about February 5, 2004, MAKHAMREH entered into a Franchise Agreement with KAHALA's predecessor Nicar Franchising, Inc., which was subsequently assigned to KAHALA. This Franchise Agreement was for the operation of a Great Steak and Potato restaurant located in Chesapeake, Virginia; and

WHEREAS, on or about September 7, 2007 MAKHAMREH entered into a Franchise Agreement with KAHALA for the operation of a Great Steak and Potato restaurant in Bloomington, Illinois; and

WHEREAS, both franchises referred to above contained non-compete provisions

1

restricting NABIL MAKHAMREH from benefiting financially whether directly or indirectly from the ownership or operation of a substantially similar restaurant during the term of the Franchise Agreement, specifically the non-compete Agreements state:

2004 Franchise Agreement

\* \* \*

*15.1   During the term of this Agreement, Franchisee and the officers, directors, shareholders and agents of a corporate Franchisee shall not without the prior written consent of Franchisor directly or indirectly , through corporations, partnerships, trusts, associations, joint ventures, or other unincorporated businesses, perform any service for, engage in or acquire, by an employee of, have any financial, beneficial or equity interest in, or have any interest based upon the profits or revenues of, any business substantially similar to that established pursuant to this Agreement;*

\* \* \*

*15.4   For purposes of Section 15.1, 15.2 and 15.3, a "substantially similar business" is a business which sells or prepares Philadelphia style cheesesteak sandwiches, and/or variations which include ham, chicken, turkey, and vegetarian sandwiches.*

2007 Franchise Agreement

**9.7 CONFLICTING AND COMPETING INTERESTS**

*You agree that during the term of this Agreement, neither you, nor your officers, directors and holders of more than ten percent (10%) of your stock (if you are a corporation), nor your partners (if you are a partnership), not your members who have a ten percent (10%) or greater interest (if you are a limited liability company), nor your designated manager will, directly or indirectly, maintain, engage in, have a controlling interest in, lend money to, consult with or otherwise assist any business that is engaged in the business of selling Philadelphia Cheesesteak sandwiches, fresh-cut French fries, and baked potatoes with all of the toppings.*
p. 22

**14.5 CONFIDENTIALITY; COVENANT NOT TO COMPETE**

\* \* \*

*c. During the term of this Agreement ... Franchisee shall not engage in any business in competition with any Great Steak and Potato restaurant. The provisions of this Agreement bind Franchisee in any capacity, including as a franchisee, sole proprietor, partner, limited partner, member employer, franchisor, stockholder, officer, director, or employee. For purposes of this paragraph, "competition" means the franchising, ownership, or operation of a restaurant similar to Great Streak and Potato" outlet at the location identified in Section 1.1 of this Agreement, or within a geographical area consisting of:*

2

> *(1) during the term of this Agreement, anywhere else.*
>
> *d. During the Term of this Agreement, ... you shall not divert or attempt to divert any business, customers, or potential customers of the Great Steak and Potato System to any competitor, by direct or indirect inducement or otherwise. In addition, you shall not at any time do or perform any act, directly or indirectly, which harms the goodwill or reputation of Franchisor or the System.*

WHEREAS, NABIL MAKHAMREH agrees that a Charley's Grilled Subs restaurant is substantially similar to his Great Steak and Potato franchise restaurants because it serves among other things, Philadelphia cheesesteaks, fresh-cut French fries, and fresh squeezed lemonade, and that the ownership of any Charley's Grilled Sub restaurant by Defendants or NABIL MAKHAMREH might violate the restrictive covenants contained in the Kahala Franchise Agreements; and

WHEREAS, NABIL MAKHAMREH's, wife Faten Makhamreh entered into a Lease to operate a Charley's Grilled Subs in the Yorktown Shopping Center, in Lombard, Illinois on February 21st, 2008. Thereafter, NABIL MAKHAMREH's wife Faten entered into a Franchise Agreement with Charley's Grilled Subs of Columbus, Ohio to operate a Charley's Grilled Subs at the Yorktown Shopping Center in Lombard, Illinois. On information and belief, this Franchise Agreement and Lease were in the name of Faten Makhamreh, guaranteed by F & S Cheesesteak, Inc.

WHEREAS, NABIL MAKHAMREH realizes that the terms of his non-compete agreements contained in the above-referenced prevent him from directly or indirectly benefiting from the operation of a competing business and his wive's operation of the Charley's Grilled Subs, which is a substantially similar business, may be in violation of the terms of his in-term covenants not to compete contained in MAKHAMREH's two (2) Franchise Agreements.

WHEREAS, KAHALA and MAKHAMREH wish to mutually settle their disputes on the terms and conditions stated herein, and to release one another from any and all presently-existing disputes or claims between them, concerning the events giving rise to the lawsuit regarding breaches of , in-term non-compete provisions.

WHEREFORE, inconsideration of the Recitals and the covenants and promises each to the other made herein, the parties agree as follows:

1. MAKHAMREH agrees to the Permanent Injunction, as entered below and separately by Judge Dow, enjoining MAKHAMREH from directly or indirectly benefiting from a financial interest in a competing, substantially similar business to the Great Steak and Potato. Specifically, NABIL MAKHAMREH and his wife, FATEN MAKHAMREH, will divest themselves from for any interest, financial or otherwise, in the Charley's Grilled Subs restaurant located at the Yorktown Mall, Lombard, Illinois.

2. MAKHAMREH agrees to follow the terms and conditions of the non-compete provisions of the two (2) franchise agreements referenced above, both during the term of the Franchise Agreements and thereafter as set forth.

3. KAHALA and MAKHAMREH have agreed that the Charley's Grilled Subs in the Yorktown Mall, Lombard, Illinois will be allowed to continue to be open and operating for the next sixty (60) days (or 90 days if there is a purchaser within 60 days who can close within 90 days) while NABIL MAKHAMREH, FATEN MAKHAMREH, and F & S Cheesesteak sell the restaurant to a bona-fide disinterested third party to which neither MAKHAMREH, FATEN MAKHAMREH, nor F & S Cheesesteak, Inc., have any relationship and that they will not receive any financial benefit from the ongoing operation of the Charley's Grilled Subs either directly or indirectly in the future after the date of sale within 90 days.

4. KAHALA and MAKHAMREH agree that if MAKHAMREH has obtained a bona-fide purchaser for the Charley's restaurant within 60 days, as evidenced by the production of a copy of an executed Asset Purchase Agreement and full disclosure to Plaintiff of all relevant facts regarding the identity of the purchasers so as to establish the bona fides of the transaction, but that through the regular course of business the closing cannot occur within the 60 days, KAHALA will agree to extend the time for sale and purchase to a date 90 days from the execution of this Settlement Agreement. KAHALA's attorney will have a right to obtain copies

of any Purchase contracts and related documents upon request to MAKHAMREH'S attorney.

5. If the Charley's Grilled Sub restaurant is not sold within 90 days to the bona-fide disinterested third party above, NABIL MAKHAMREH, FATEN MAKHAMREH, and F & S Cheesesteak, Inc., agree that the Charley's location will be closed. Thereafter efforts will continue to be made to sell the restaurant to a bona-fide disinterested third party to whom NABIL MAKHAMREH, his wife, Faten, and her corporation F & S Cheeseteak, Inc., would receive no financial benefit in the future.

6. KAHALA and NABIL MAKHAMREH agree that in consideration of the terms of this Settlement Agreement and Permanent Injunction, NABIL MAKHAMREH will pay KAHALA's reasonable attorney's fees, through the completion and full performance of this Settlement Agreement. The attorney's fees are payable at the end of 60 days, or if the time to sell the Charley's restaurant is extended as set forth above, then the of attorney's fees of $25,000.00 are due from NABIL MAKHAMREH in 90 days from the execution of this Agreement whether the Charley's restaurant is sold or not. Additionally, MAKHAMREH agrees to produce the Gosh Enterprises, Inc. Franchise Agreement for the Charley's Grilled Subs restaurant subpoenaed documents to KAHALA prior to the execution of this Settlement Agreement.

7. KAHALA, on the one hand, and MAKHAMREH, on the other, hereby mutually release and forever discharge each other and all of each others respective heirs, executors, administrators, affiliates, officers, directors, employees, representatives, agents, consultants, successors, assigns and attorneys, of and from any and all claims, demands, actions, causes of action, liabilities, losses, expenses, costs and fees of whatsoever kind, nature or description, whether known or unknown, which now exist or which may hereafter arise, based on, relating to, or in connection with breaches by the undersigned of the non-compete provisions of the above-referenced Franchise Agreements up to the date of this Agreement.

8. This Agreement reflects the entire agreement of the parties, and all prior oral or written agreements, statements, and representations made by any of the parties are intended to be merged herein. Each of the parties hereto acknowledges that, except as expressly set forth

herein, no statements or representations have been made to such party by any other party hereto concerning any matter that is the subject of this Agreement.

KAHALA FRANCHISE CORP.

By: _____
Title: _____

By: _____
Nabil Makhamreh, individually, and as
An Officer of M & S Cheesesteak, Inc.
and Matthew Cheesesteak, Inc.

By: _____
Faten Makhamreh, individually,
And as an officer of F & S Cheesesteak,
Inc.

Approved as to form and content:

ss// *[signature]*
Gregory J. Ellis, Esq.
Attorney for: Plaintiff

ss// *[signature]*
Akram Zanayed, Esq.
Attorney for:
All Defendants, Faten Makhamreh & F & S Cheesesteak

IT IS SO ORDERED: _____
Honorable Robert M. Dow, Jr.

Date: _____

6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAHALA FRANCHISE CORPORATION ) <br> A Delaware corporation, ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NABIL MAKHAMREH, Individually, ) <br> MATTHEW CHEESESTEAK, Inc., ) <br> an Illinois Corporation, and M & S ) <br> CHEESESTEAK, INC. , a Virginia ) <br> corporation. ) <br>     Defendants. ) | Case No.  08 CV 4750 <br><br> Judge: ROBERT M. DOW, JR. <br><br> Magistrate:   Judge Brown |

**PERMANENT RESTRAINING ORDER**

THIS MATTER coming before the Court for Injunctive Relief, all parties having been notified and given an opportunity to be heard, and the Court having been fully advised on the premises:

This Court having reviewed Plaintiff's Motion for Temporary Restraining Order, heard testimony of the Defendant, and reviewed the Complaint filed herein in the above cause.  The Court is aware the parties have entered into a Settlement Agreement, and desire the issuance of this Permanent Restraining Order.

**IT IS HEREBY ADJUDGED, ORDERED AND AGREED TO AS FOLLOWS:**

1.   Defendants, Nabil Makhamreh, Matthew Cheesesteak, Inc., M & S Cheesesteak, Inc., and any of their agents, servants or employees, as well as, non parties Faten Makhamreh and F & S Cheesesteak, Inc.  are hereby enjoined from operating or having any direct or indirect ownership or financial interest, or any affiliation whatsoever in the substantially similar competing business known as Charley's Grilled Subs in Lombard, Illinois or elsewhere during the terms of the Franchise Agreements between KAHALA and

Defendants. The competing restaurant should be closed unless Defendants and above named non-parties transfer the restaurant in a bona fide, arms length transaction to a bona fide completely unrelated third party with whom the above named in ¶1 will have no direct or indirect ownership or financial interest, or any affiliation whatsoever presently or in the future, within 60 days or, in the event an Asset Purchase Agreement with such bona fide third party is entered into within 60 days, within 90 days if a sale is not able to close within 60 days of this Order.

2.    This Court maintains jurisdiction for purposes of enforcement of this Permanent Injunction to enforce the Non- Compete provisions of the Franchise Agreements and the terms of the Settlement Agreement attached.

3.    Defendants, and any of their agents, servants or employees, and signatories to the Settlement Agreement are hereby enjoined from competing with KAHALA in violation of the Franchise Agreements after the sale of the competing restaurant within 60 or 90 days as set forth above.

4.    Defendants and their agents, servants, and employees, and signatories to the Settlement Agreement are enjoined from conducting business on the premises in Yorktown Mall, Lombard, Illinois as a Charley's restaurant.

DATED:  August  29, 2008

                               ENTER:

                              _____
                               U.S. District Judge

Gregory J. Ellis, Esq.
GREGORY J. ELLIS , ESQ.,  LTD.
1 Executive Ct – Suite 1
South Barrington,  IL  60010

Attorney # 03127073
8/29/08